**Willie WILLIAMS, Jr., Petitioner–Appellant,**

v.

**James A. BOWLEN, Warden, Respondent–Appellee.**

**No. 01–5532.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before KEITH and DAUGHTREY, Circuit Judges, and KATZ,* District Judge.

---

* The Hon. David A. Katz, United States District Judge for the Northern District of Ohio, sit-

PER CURIAM.

The petitioner, Willie Williams, Jr., is a Tennessee prisoner who was convicted in state court of first degree murder and sentenced to life imprisonment. He filed a petition for a writ of habeas corpus in the district court, pursuant to 28 U.S.C. § 2254. Following dismissal of his petition below, Williams reasserts on appeal that his rights to a fair trial and to have a jury determine his guilt or innocence were infringed by the trial judge's refusal to instruct the jury on the lesser included offense of voluntary manslaughter, despite Williams's testimony at trial that arguably would have supported a conviction for that offense. He relies upon a Tennessee statute, since amended, that at the time of Williams's conviction required jury instructions on all lesser included offenses even in the absence of a request by the defendant. *See* TENN.CODE ANN. § 40–18–110(a). He also claims infringement of his right to trial by jury as guaranteed by the Sixth Amendment to the United States Constitution.

The district court reviewed the ruling by the Tennessee Supreme Court in Williams's case that the alleged error in the instructions was harmless beyond a reasonable doubt, applying the constitutional harmless-error test of *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and held that the state court's determination was not "unreasonable" under the provisions set out in 28 U.S.C. § 2254(d) and discussed in *Williams v. Taylor,* 529 U.S. 362, 410–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The district court was therefore required to hold—and did—that relief under § 2254 was not available to the petitioner.

ting by designation.

After a study of the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the petition. Because the reasons why relief should be denied have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion filed on March 30, 2001.